## TANENBAUM v. FEDERAL MATCH CO.

(Supreme Court, Appellate Division, First Department. March 10, 1905.)

INSURANCE—INSURANCE BROKERS—CONTRACTS WITH INSURED—CONSTRUCTION.

A contract whereby defendant constituted plaintiff its agent to procure fire insurance for 10 years, and agreed to pay plaintiff at the uniform rate of $4 per year for every $100 of insurance procured, obligated plaintiff, in the event of the cancellation by the insurer of a live annual policy for which defendant had paid plaintiff the stipulated commissions, to take out, at his own expense, another policy for a like amount for the unexpired portion of the year originally covered by the canceled policy.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 130.]

Appeal from Trial Term, New York County.

Action by Moses Tanenbaum against the Federal Match Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Dickinson W. Richards, for appellant.
Ernest Hall, for respondent.

McLAUGHLIN, J. This action was brought to recover the sum of $300, with interest thereon from a time specified, premium alleged to have been paid by the plaintiff in procuring for the defendant certain

insurance policies under a written contract, copy of which was made a part of the complaint. The complaint alleged that by the contract the defendant constituted the plaintiff its agent for the purpose of supplying all its fire insurance, which should not be less than $50,000 per year, for a period of 10 years, commencing on the 10th of November, 1900, upon its merchandise, machinery, fixtures, etc., contained in its building and manufacturing plant at Paterson, N. J.; that the defendant by said contract agreed to pay the plaintiff at the uniform rate of $4 per year for every $100 of insurance procured; that between the 18th of March and the 17th of April, 1901, the plaintiff procured and delivered to the defendant two policies, amounting in the aggregate to $7,500, and by reason thereof there was due and owing to the plaintiff, under the terms of the contract, 4 per cent. on the amount of insurance affected, viz., $300. The answer denied that the policies in question were procured in accordance with the terms of the contract, or that they were received and accepted by the defendant, or that it was liable to pay therefor. Other defenses were pleaded, but the conclusion at which we have arrived renders it unnecessary to consider them.

The contract referred to in the complaint provided, in the second paragraph thereof, that the defendant would pay on demand to the plaintiff "at the uniform rate of $4 per year  *   *   *   for every $100 of insurance procured.  *   *   *"  The plaintiff testified at the trial that after the contract went into effect he procured thereunder two policies of insurance, and delivered the same to the defendant—one for $5,000, in the American Underwriters, and one for $2,500, in the New England Underwriters; that he paid the premiums on these policies to the insurance companies, and was entitled to receive from the defendant by reason thereof, under the terms of the contract, $300. On his cross-examination the defendant endeavored to show that prior to the plaintiff's obtaining the policies referred to in his direct examination he had procured other policies aggregating $50,000, for which it had paid to him 4 per cent. thereon, or $2,000, and that the policies in question were obtained to take the place of policies for a similar amount which had been canceled by the companies issuing them. This proof was objected to as immaterial and irrelevant. The objection was sustained, and an exception taken. The plaintiff, having offered the foregoing proof, rested, and thereupon the defendant sought to prove by its treasurer, what it had been prevented from proving by the plaintiff, viz., that after the contract went into effect, and before the issuance of the policies referred to in the complaint and in plaintiff's testimony, plaintiff procured for the defendant policies aggregating $50,000, for which it paid him 4 per cent., or $2,000, and that the procurement of the policies referred to by the plaintiff and mentioned in his complaint was simply to take the place of two other policies for a similar amount, which had been canceled at the instance of the companies issuing them. This proof was also excluded, and an exception duly taken.

I am of the opinion that the court erred in each instance, and that the exceptions taken necessitate a reversal of the judgment. The contract must be construed in the light of all the facts and circumstances surrounding both parties at the time it was made, and, when so con-

strued, there can be no doubt as to its meaning. The defendant wanted to procure $50,000 of insurance for a term of 10 years. This the plaintiff agreed to furnish on condition that the defendant pay him "at the uniform rate of $4 per year * * * for every $100 of insurance." The words just quoted indicate as clearly as words can what the parties had in mind, which was that the maximum amount which it would be required to pay to carry the $50,000 insurance was $2,000, or $4 on each $100 per year. The defendant wanted insurance not for a day, a week or a month, but for a specified time, viz., 10 years, and to get the same it agreed to pay $4 for each $100 of insurance for a year, or $40 for 10 years. It cannot be that the parties ever contemplated that the defendant was to pay $4 for each $100 of insurance procured, irrespective of the time it remained in force, because, if this were true, then it is not difficult to see, if the policies were canceled often enough, the amount which defendant would be required to pay to plaintiff in commissions would exceed the value of the property insured. Under the contract, if policies were canceled by the companies issuing them during the year, plaintiff was obligated at his own expense, defendant having previously paid for the same, to procure other policies for a similar amount. This is what the contract—giving it any reasonable construction—provides, and to hold otherwise would necessitate giving it not only a forced and unreasonable construction, but also eliminating from it the words "at the uniform rate of $4 per year * * * for every $100 of insurance."

If this view as to the construction of the contract be correct, then it necessarily follows the defendant was entitled to prove that it had already paid to the plaintiff $2,000 to keep in force $50,000 of insurance for a period of one year, and that the policies in question were procured by the plaintiff simply to take the place of other policies for a similar amount, which had been canceled by the insurance companies. If such proof had been made, and that fact had been conceded, or the jury had so found, the plaintiff would not have been entitled to recover.

The judgment appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.